IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LOREE PERRY, individually and on behalf of all others similarly situated, § § § § <br><br>Plaintiff, § § <br>v. § § <br>SHEIKHANI GROUP, et al., § § § <br>Defendants. § | Case No. 6:23-cv-489-JDK |

## ORDER OF DISMISSAL

Before the Court is Plaintiff's motion to dismiss without prejudice. Docket No. 58. Plaintiff states that she "seeks this dismissal under Fed. R. Civ. Pro. 41(a)(1)(A)(i)." *Id.* at 2

Rule 41(a)(1)(A)(i) states that a "plaintiff may dismiss an action without court order by filing" a "notice of dismissal before the opposing party serves either an answer or motion for summary judgment." Courts construe a motion to dismiss as a notice of dismissal where the filing was intended to serve as such. *See Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (construing a "motion for dismissal" as a notice of dismissal where "there [was] no question that plaintiffs were acting pursuant to" Rule 41(a)(1), and the name of the filing was a "distinction without a difference"), *overruled on other grounds Automation Support, Inc. v. Humble Design, LLC*, 982 F.3d 392 (5th Cir. 2020); *Traxcell Techs., LLC v. Google LLC*, 2021 WL 8444006, at *1 (W.D. Tex. Dec. 16, 2021) (similar). A notice of dismissal under Rule 41(a)(1)(A)(i) is "immediately self-effectuating" and divests a court of jurisdiction

1

upon its filing. *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010).

Although styled as a "motion to dismiss," Plaintiff's citation to Rule 41(a)(1)(A)(i) evidences a clear intent to dismiss this action under that Rule. And here, the conditions of dismissal are met. Despite several amended complaints and numerous motions to dismiss, no Defendant has filed either an answer or a motion for summary judgment. Nor can a motion to dismiss be construed as an answer under Rule 41. *See Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) (refusing to construe a motion to dismiss as an "answer" under Rule 41); *In re Amerijet Intern., Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (explaining that Rule 41(a)(1)(A)(i) "means precisely what it says" and only extinguishes a plaintiff's unilateral right to dismiss an action by the filing of an answer or motion for summary judgment). Thus, Plaintiff's filing is self-effectuating and divests the Court of jurisdiction.

Accordingly, because Plaintiff "has moved to dismiss under Rule 41(a)(1)(A)(i), the case is effectively terminated." *Bechuck v. Home Depot USA, Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (cleaned up). Pursuant to Plaintiff's motion—construed as a notice—and Federal Rule of Civil Procedure 41(a)(1)(A)(i), all pending claims in this case are **DISMISSED** without prejudice.

All pending motions are **DENIED** as moot.

The Clerk of Court is instructed to close this case.

**So ordered and signed on this**

**Mar 10, 2025**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE